IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN WILLIAM VICKERS                                                    PLAINTIFF

v.                                          CIVIL NO. 09-4104

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, John Williams Vickers, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on December 19, 2006, alleging an inability to work since December 6, 2006, due to osteoarthritis, diabetes, bipolar disorder, hypothyroid, chronic back and knee pain, and sleep apnea. (Tr. 119-124). An administrative hearing was held on October 31, 2008, at which Plaintiff appeared with counsel and testified. (Tr. 21-68).

By written decision dated February 11, 2009, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr.11). Specifically, the ALJ found Plaintiff had the following severe impairments: osteoarthritis, diabetes and bipolar disorder. However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 12). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> lift 20 pounds occasionally, 10 pounds frequently; sit 4-6 hours in an 8-hour workday, 1 hour without interruption; stand/walk 2 hours in an 8-hour workday, 10-15 minutes without interruption with sit/stand option; no climbing, crouching, kneeling, stooping, or crawling but can bend occasionally; no constant repetitive reaching and grasping as in assembly work; no work around unrestricted heights, moving machine or operating equipment; limited to simple, unskilled work with superficial contact with supervisors and coworkers, and limited contact with public.

(Tr. 13). With the help of a vocational expert, the ALJ determined Plaintiff could perform other work as a routing clerk, a dispatcher, a surveillance system monitor, and a document preparer. (Tr. 19-20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 27, 2009. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 3). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 6,7).

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or

AO72A
(Rev. 8/82)

mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**III.   Discussion**:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the ALJ determined Plaintiff could perform light work with some

limitations due to his physical and mental impairments. Regarding Plaintiff's physical RFC, a review of the record reveals that in March of 2007, Dr. Alice M. Davidson, a non-examining medical consultant, opined Plaintiff could perform sedentary work with some limitations. (Tr. 350-357). Dr. Davidson's opinion was affirmed by Dr. Bill F. Payne, a non-examining medical consultant, in June of 2007. (Tr. 397). Medical evidence dated after these assessments reveals that Plaintiff continued to complain of pain, most notably in his back and right knee, and that knee replacement surgery and a MRI of Plaintiff's lumbar spine had been recommended by Plaintiff's treating physician, Dr. C.C. Alkire. (Tr. 406-407). In February of 2008, Dr. Alkire noted Plaintiff had not been able to undergo the MRI of his lumbar spine due to the lack of financial resources and recommended holding off on the test "for a while." (Tr. 407). The ALJ did not address the basis for discounting the weight limitations set by Drs. Davidson and Payne (sedentary work only). Based on the medical evidence dated after their assessments were completed, the Court cannot find substantial evidence to support the ALJ's finding that the Plaintiff can perform light work with limitations. Accordingly, the Court finds remand necessary so that the ALJ can more fully and fairly develop the record regarding Plaintiff's physical RFC.

On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated Plaintiff --including Dr. Alkire– asking the physicians to review Plaintiff's medical records; to complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and to give the objective basis for their opinions so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. Further, the ALJ should specifically ask Dr.

Alkire to explain his treatment notes indicating that Plaintiff was not ready for knee surgery. It is unclear from the treatment notes whether it was Plaintiff who refused the surgery or if Dr. Alkire had recommended Plaintiff wait to undergo the procedure.

Regarding Plaintiff's mental impairments, a review of the medical evidence reveals Plaintiff has been diagnosed with Bipolar Disorder and, at various times throughout the relevant time period, Plaintiff had been unable to get out of bed for days at a time. While on remand, the ALJ should also obtain a mental RFC assessment from Dr. John A. Wennerbom, Plaintiff's treating psychiatrist, as the record does not contain a mental RFC assessment from any medical professional

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

### IV.  Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 2nd day of November 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)