IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN WILLIAM VICKERS                                              PLAINTIFF

v.                             Civil No. 09-4104

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                    DEFENDANT

**O R D E R**

Plaintiff, John William Vickers, appealed the Commissioner's denial of benefits to this Court. On November 23, 2010, judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 9). Plaintiff now moves for an award of $3,415.50 in attorney's fees and expenses under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 20.70 hours of work before the Court at an hourly rate of $165.00. (Docs. 10). Defendant filed a response, expressing no objection to the award but argued that any award granted should be paid to Plaintiff. (Doc. 11).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case

for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $165.00 for time spent in 2009 and 2010, for a total of 20.70 hours, which he asserts he devoted to the representation of Plaintiff in this Court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Id., 461 U.S. at 437. Attorney's fees may not be awarded in excess of $125.00 per hour-the maximum statutory rate under § 2412(d)(2)(A) - unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI). Plaintiff's counsel submitted a CPI in support of his requested hourly rate. The Court finds that an award based upon an hourly rate of $165.00 per hour, reflecting an increase in the cost of living, is appropriate in this instance. See Johnson, 919 F.2d at 505. Thus, based upon the above factors, the Court finds that an appropriate hourly rate is $165.00 for attorney work.

We next address the number of hours Plaintiff's counsel claims he spent working on this case. Plaintiff's counsel seeks 0.20 hour on October 6, 2009 (reviewed the file, letter to the Clerk's office), from which we deduct 0.12 hour; and 0.50 hour on October 22, 2009 (reviewed the file, completed on-line confirmation regarding summonses and confirmation of service), from which we deduct 0.33 hour. This time is not compensable, in full, under the EAJA. Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir.1987) (work which could have

been completed by support staff is not compensable under the EAJA). Accordingly, 0.45 hour must be deducted from the total compensable time sought by counsel.

Plaintiff's counsel seeks 0.20 hour on December 8, 2009 (received and reviewed court's scheduling order), from which we deduct 0.15 hour, as it should not have taken an attorney experienced in handling social security cases more than a few minutes to review this document. Bowman v. Secretary of H.H.S., 744 F.Supp 898 (E.D.Ark. 1989). On December 8, 2009, Plaintiff's counsel also seeks 0.20 hour to review the file. As Plaintiff's counsel reviewed the file the previous day and no action other than the scheduling order had been taken in this case we find this time to be excessive. Accordingly, 0.35 hour must be deducted from the total compensable time sought by counsel.

Plaintiff's counsel seeks a total of 14.00 hours for reviewing the transcript and researching and writing Plaintiff's appeal brief. The Court notes there were no unique or complex issues to be developed in this particular case. Plaintiff's counsel frequently represents social security plaintiffs before this Court and should be well versed in social security law and we find the time submitted for preparing this brief to be excessive. Therefore we are reducing the number of hours submitted for the preparation of Plaintiff's brief to 12.00 hours.

In his response, Defendant asks the Court to designate Plaintiff as payee of the EAJA award, and not Plaintiff's counsel. Based upon the holding in Astrue v. Ratliff, 130 S.Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

Accordingly, we find that counsel is entitled to compensation under the EAJA for: 17.90 (20.70-2.80) hours for attorney's fees, at the rate of $165.00 per hour, for a total attorney's fee award of $2,953.50. This amount should be paid in addition to, and not out of, any past due

benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED this 26th day of May 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

.